McBRIDE, Judge.
I concur in the decree. I do not believe it should be said that Rosalie Rita Moore was the agent for Terry, for if it is to be so said, she would be placed in the same position as though she was his lawful wife.
When Rosalie Rita Moore and Terry agreed between themselves that the former would apply to the plaintiff for a credit account based upon the misrepresentation that she was the lawful wife of Terry, and they followed up this design by obtaining valuable merchandise from the plaintiff through the misrepresentation, their actions amounted to fraud and were tortious, and I believe that under the law both can be held solidarily liable to the vendor for the value of its merchandise delivered to them.
If it is to be said that judgment is to go against Terry on the theory that Rosalie Rita Moore was his agent, then in her role as Terry’s agent Rosalie Rita Moore might possibly not be responsible for the debt to plaintiff, for it is my understanding of the law that an agent who discloses his principal, and does not engage his own credit, is not personally liable to the other party.
Rosalie Rita Moore is not a defendant here, but it may be that the plaintiff will ultimately bring its suit against her. I do not think that the right of the plaintiff to recover from her should be jeopardized by any holding that she was Terry’s agent.
My thought is that Terry should be cast for the amount sued for, for the reason that he was a party to a fraud perpetrated on the plaintiff, which caused a loss to plaintiff in the amount sued for. There is no question in my mind that when Rosalie Rita Moore assumed a false status for the purpose of obtaining plaintiff’s merchandise, all with the authorization and active participation of Terry, she and Terry were both guilty of a fraud, and both are liable solidarily for the plaintiff’s loss. I am satisfied in my own mind that if Rosalie Rita Moore had disclosed the true relationship existing between herself and Terry, the credit would never have been extended. The credit was therefore obtained, and extended, upon misrepresentations, and this in the eyes of the law constitutes fraud on the part of Terry and his concubine. True, fraud is not alleged in the petition, but the evidence produced by plaintiff enlarged the pleadings, and the fraud is evident.